UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
DECATUR DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| D & D HOSPITALITY, LLC, | § | Case No. 11-83081-JAC |
| | § | Chapter 11 |
| *Debtor.* | § | |

**NORTH TEXAS HOTEL GROUP, LTD.'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

COMES NOW North Texas Hotel Group, Ltd. ("NTHG") and files this Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue. In support thereof, NTHG states as follows:

**I. BACKGROUND**

1. D & D Hospitality, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on September 2, 2011.

2. Debtor is a Texas limited liability company that owns and operates a Comfort Inn and Suites hotel in Gainesville, Texas.

3. Debtor's principal and only place of business is located in Gainesville, Texas.

4. Upon information and belief, the Debtor has no property or no material property located outside of Texas.

5. Debtor's secured creditors are located in Texas. Upon information and belief, US Bank and First Citizen's Bank have offices in Texas. NTHG and the SBA are located in Lindsay, Texas and Plano, Texas, respectively.

6. The majority of Debtor's unsecured creditors are located in Texas. Of the few unsecured creditors located outside of Texas, only two are located in Alabama. Debtor's schedules (Docket No. 1) list Maynard, Cooper, & Gale, PC of Birmingham, Alabama as holding

Page 1 of 9

a claim for professional services in the amount of $985.50 and Royal Cup as holding a claim for undisclosed goods or services in the amount of $1,341.38.

7. With the exception of the two creditors listed above, Debtor's managing member and majority equity interest holder, Gagandeep Dhaliwal appears to be the Debtor's only tie to Alabama. Mr. Dhaliwal's address is listed as PO Box 2675, Huntsville, Alabama in the Debtor's Statement of Financial Affairs. This is the same address as listed for the Debtor on the Petition. Debtor's minority equity interest holder, Bawa Dhillon's address is listed as 5125 Brandywine Lane, Frisco, Texas.

8. On or about April 6, 2007, the Debtor executed two promissory notes in the amounts of $200,000 and $50,000, respectively, in favor of NTHG (the "Notes"). The Notes were secured by a Deed of Trust, resulting in a lien on the Debtor's hotel property located in Gainesville, Texas (as more fully described in the Deed of Trust, the "Property").

9. On or about August 16, 2011, NTHG posted the Property for foreclosure in Cooke County, Texas in accordance with Texas non-judicial foreclosure laws and procedures. The foreclosure sale was scheduled to occur on September 6, 2011.

10. Upon information and belief, the Debtor filed this bankruptcy case to avoid the scheduled foreclosure.

## II. ARGUMENT

**A.    Because the Debtor's domicile, principal place of business, and the majority, if not all, of the Debtor's assets, are located in the State of Texas, venue in the Northern District of Alabama is improper and the Debtor's bankruptcy case should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 1014(a)(2).**

11. Pursuant to Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, if a petition is filed in an improper district, the court may dismiss the case or transfer it to any other

district if the court determines that the transfer is in the interests of justice or for the convenience of the parties.

12. Under 11 U.S.C. § 1408, a bankruptcy case "may be commenced in the district court for the district – (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is a pending a case under title 11 concerning such person's affiliate, general partner, or partnership."

13. To the extent that corporations are considered to have a "domicile," the domicile of a corporation is its state of incorporation. *See In re Spicer Oaks Apts., Ltd.,* 80 B.R. 142 (Bankr. E.D. Mo. 1987)(citing *Suttle v. Reich Bros. Construction Co.*, 333 U.S. 163, 166 (1948)). Debtor is a Texas limited liability corporation. Therefore, if and to the extent corporations are considered to have domiciles, Debtor's domicile is Texas.

14. Debtor alleges that its principal place of business and headquarters are located in Madison County, Alabama. *See* Debtor's Petition, Docket No. 1; Debtor's Application to Employ Chapter 11 Attorneys, Docket No. 11, paragraph 3; and Debtor's Motion to Authorize Continued Use of Existing Bank Account and Business Forms, Docket No. 15. However, the Debtor's allegations are demonstrably incorrect. The Debtor's only business is the operation of its hotel in Gainesville, Texas. Therefore, Debtor's principal place of business is in Gainesville, Texas. [Case Cite]

15. Debtor's principal asset is its hotel in Gainesville, Texas. Debtor's Petition (Docket No. 1) lists the location of Debtor's principal assets as 1715 N Interstate 35, Gainesville, TX 76240.

16. Debtor was incorporated in Texas in September 2006, and has owned and operated the hotel since 2007.

17. At the time of the filing of the bankruptcy case, there were no pending bankruptcies of the Debtor's affiliate, general partner, or partnership.

18. However, the Debtor's ownership group is related by familial relationship to and intertwined with the ownership group of the debtor-in-possession in the case of *In re Mid West Hotel Lodging, LLC*, Case No. 11-40629, pending in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (sitting in Plano, Texas) (the "Texas Bankruptcy Court.")  The hotel property in the instant case is adjacent to or across the street from the hotel property in the *Mid West* case.  Competing plans of reorganization are presently pending in the *Mid West* case before the Texas Bankruptcy Court.

19. Thus, because the Debtor's domicile, principal place of business and principal assets are located in Texas, and the Debtor has no tie to the Northern District of Alabama (other than possibly receiving some mail at the post office box of its majority equity interest holder, two unsecured creditors, and one bank account) there is no basis for venue in the Northern District Alabama, and this case should be dismissed.

20. In the alternative NTHG requests (and indeed, prefers) that this bankruptcy case be transferred to the Texas Bankruptcy Court.  The Eastern District of Texas includes the location of the Debtor's hotel, Gainesville, Texas.

Case 11-83081-JAC11 Doc 47 Filed 09/30/11 Entered 09/30/11 16:52:37 Desc Main
Document Page 4 of 9

**B.    In the alternative, and even if venue is technically proper in the Northern District of Alabama, this case should be transferred to the Eastern District of Texas in the interest of justice and for the convenience of the parties.**

21.    Venue may be transferred to another appropriate district if it appears that "the convenience of the parties" or "the interests of justice" will be better served in the alternative forum. 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014.

22.    When determining whether a transfer of venue is appropriate, courts generally consider the following factors: (1) the proximity of creditors to the forum; (2) proximity of the bankrupt to the forum; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the Debtor's assets; and (5) the economic administration of the estate (6) necessity for ancillary administration. *See In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1247 (5th Cir. 1979); *In re Triton Chemical Corp.,* 46 F. Supp., 326, 329 (D. Del. 1942)); *In re 19101 Corporation*, 74 B.R. 34, 35 (Bankr. D.R.I. 1987); *In re Developers of Caguas, Inc.*, 26 B.R. 977, 980 (Bankr. E.D.N.Y. 1983) (citing *In re Landmark Capital Co.,* 19 B.R. 342, 348 (Bankr. S.D.N.Y. 1982)).

23.    While courts consider all of the factors listed above, courts generally hold that the location of the debtor's property is a substantial and often determinative factor when deciding whether to grant a motion for transfer of venue. *In re 19101 Corp.*, 74 B.R. at 35-36 ("Often, the location of the principal asset of the debtor so affects the other factors that the location of the debtor's principal asset becomes the primary influence on the court.") *In re Old Delmar Corp.*, 45 B.R. at 884-85 (transferring venue to location of debtor's real property assets, finding that "[i]t is particularly appropriate for the locale of the income producing property to administer this estate."); *In re Developers of Caguas, Inc.*, 26 B.R. at 980 (transferring venue to the location of debtor's sole asset, finding that that the case would call for expert testimony by local appraisers, that issues regarding the property could best be decided by the court in the venue where the

debtor's property was located, and that requiring the experts to travel to a different venue to educate a bankruptcy judge as to the value of debtor's property would impose unnecessarily great expense on the lender, and would serve neither the interests of justice, nor the convenience of the parties).

24. A court located in the same community as the debtor's assets "is in the better position to judge whether the particular enterprise 'is a good candidate for reorganization…in the economic community in which it operates'" and "matters concerning real property have always been of local concern and traditionally are decided at the situs of the property." *In re B.L. of Miami, Inc.*, 294 B.R. 325, 332 (Bankr. D. Nev. 2003).

25. Location of the debtor's creditors is also given great weight by courts when deciding whether to grant a motion to transfer venue of a case. *See e.g., In re Developers of Caguas,* 26 B.R. 977 (transferring venue where a debtor's sole asset was located in the alternative venue and three of four creditors resided in the alternative venue); *In re Spicer Oaks Apts., Ltd.*, 80 B.R. 142 (Bankr. E.D. Mo. 1987) (transferring venue to district where debtor's property was located, the sole secured creditor was located, and the vast majority of unsecured creditors were located).

26. The Debtor acknowledges that its principal asset, the hotel property, is located in Gainesville, Texas. Moreover, the Debtor lists no assets in the Northern District of Alabama, with the exception of one bank account for property tax. Furthermore, the Debtor's only business is the operation of the hotel property.

27. The Debtor has no operations or property located in the Northern District of Alabama and only two of its unsecured creditors (holding claims totaling a mere $2,326.88) are

located there. The Debtor's only tie to the State of Alabama is its use of the P.O. Box of its majority equity interest owner.

28. Thus, this case should be transferred to the Texas Bankruptcy Court in the Eastern District of Texas.

29. As set forth below, all six factors enumerated above weigh in favor of transferring venue to the Texas Bankruptcy Court in the Eastern District of Texas.

    a.    The Eastern District of Texas is a more convenient forum for creditors. In this case, all secured creditors and the majority of the unsecured creditors are located in Texas. These creditors would be forced to incur additional costs of participating in this case if the venue remains in the Northern District of Alabama. They would have to hire local counsel and incur the expenses of travelling to Alabama;

    b.    The Eastern District of Texas is a convenient forum for the Debtor. The Debtor is a Texas limited liability corporation, and the Debtor's principal place of business and its principal assets are located in Texas. Texas is the only place where the Debtor conducts business;

    c.    For the same reasons listed above, the Eastern District of Texas is the more convenient forum for most potential witnesses. The majority of witnesses for the Debtor and its creditors will be located in Texas, near the hotel property. NTHG and its primary fact witness, Raj Patel, reside in Texas. A significant plurality of unsecured creditors also reside in Texas. Additionally, expert testimony regarding plan feasibility and the value of the hotel property will require experts residing in Texas.[1] Although the majority member/owner of the Debtor, Gagandeep Dhaliwal resides in Alabama, the minority member/owner, Bawa Dhillon, resides in Texas.

    d.    The Debtor's assets are located in Texas;

    e.    The Debtor's estate can be more economically administered in the Eastern District of Texas. Based upon the above factors, the Debtor's bankruptcy estate can be more efficiently and economically administered in the Eastern District of Texas; and

    f.    Any ancillary administration can be done most efficiently in Texas. Should any ancillary administration be required, it would be significantly

---

[1] Notably, the Debtor has already filed applications to employ a Texas appraiser and a Texas private insurance adjuster. *See* Docket Nos. 13 and 14.

Page 7 of 9

        more convenient for all involved to have venue where the Debtor's property is located.

30.     Thus, all factors weigh in favor of transferring venue to Texas. In fact, it appears that the only reason the Debtor filed this case in the Northern District of Alabama was for the convenience of the majority equity interest holder. On information and belief, the property does or should require on-site management in Gainesville, Texas in any case.

31.     There is no legal basis for jurisdiction in the Northern District of Alabama simply because one of the Debtor's owners lives there, while the Debtor's assets and the majority of its creditors are in Texas. Therefore, this case should be transferred to the United States Bankruptcy Court for the Eastern District of Texas.

**WHEREFORE**, North Texas Hotel Group, Ltd. hereby requests that this Court grant its motion and dismiss this case for improper venue, or in the alternative, transfer venue of this case to the Texas Bankruptcy Court in the Eastern District of Texas and grant North Texas Hotel Group, Ltd. such other relief as is just and proper.

Dated: September 30, 2011.

Respectfully submitted,

/s/ Jesse S. Vogtle, Jr.
Jesse S. Vogtle, Jr.
Paul H. Greenwood
BALCH & BINGHAM LLP
PO Box 306
Birmingham, AL 35201
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

*Attorneys for North Texas Hotel Group, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed and delivered via filing on the Court's CM/ECF system on the 30th day of September 2011, to the parties receiving electronic notices in this bankruptcy case.

*/s/ Jesse S. Vogtle, Jr.*
Jesse S. Vogtle, Jr.