## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **D & D Hospitality, Inc.** | § | Case No. 11-43153-BTR-11 |
| | § | |
| Debtor. | § | |

### OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

BAWA DHILLON, party in interest and shareholder of the above-captioned debtor ("Dhillon") files this objection to the Debtor's proposed disclosure statement (Docket No. 97) (the "Disclosure Statement") and in support thereof would show the court the following.

1. The Disclosure Statement does not provide adequate information in that it does not describe how or why the reorganized debtor will sustain the recent alleged upturn on revenues that are relied upon to make the Plan feasible.

2. The Disclosure Statement refers to recent improved performance for the hotel and expenses that are supposedly within industry standards but fails to fully explain or describe the referenced standards or the degree of variance of the hotel's performance with such standards.

3. The Disclosure Statement fails to indicate whether the management fee proposed to NTHG is within industry standards for this property or the reasons for a five percent management fee, in addition to the monthly base. The Disclosure Statement fails to provide a copy of the management agreement although repeated reference is made to the management agreement.

4. The Disclosure Statement misstates that priority tax claims shall be entitled to vote to accept or reject the Plan in Class 3, contrary to 11 U.S.C. § 1123(a)(1).

5. The Disclosure Statement fails to indicate any basis for valuation of the hotel

6. The Disclosure Statements fails to indicate whether the Debtor has negotiated with US Bank the proposed treatment for US Bank, or negotiated with the SBA the proposed treatment for the SBA.

7. The Disclosure Statement, and the Plan in Class 7, impermissibly limits the persons who may or may not participate in the new equity of the Debtor, and fails to mention the possibility of an equity auction. Thus the Disclosure Statement also fails to adequately or accurately described the consequences of Class 6 rejecting the Plan.

8. The Disclosure Statement fails to indicate whether the proposed new equity owners have sufficient resources to fund the proposed post-confirmation capital contributions until after the hearing on the proposed Plan. Such timing makes the supposed capital contributions, and issuance of new equity and the expense of old equity, illusory.

9. The Disclosure Statement fails to describe the impact of the new equity allocation upon the Debtor's franchise agreement.

10. The Disclosure Statement fails to describe the recent or relevant managerial experience of Raj Patel.

11. Section 7.01 of the Plan indicates a scenario under which the Debtor may reject the current Choice Hotels franchise agreement, but the Disclosure Statement provides no information as to what course of action the Debtor would undertake in such event to obtain a new brand or flag. The Plan also impermissibly limits assumption of the Choice Hotels license in the event that certain specified individuals are omitted from the new equity structure.

12. The Disclosure Statement fails to address the adversary proceeding filed by the Debtor.

13. The Disclosure Statement fails to address the change of venue from Alabama to this Court, or whether the Debtor intends to pay attorneys' fees for its misguided adventure in Alabama.

14. The Disclosure Statement fails to address the current condition of the hotel and what expenses may be necessary in the coming years for the hotel to maintain its franchise. There is no indication of a capital improvement budget.[1]

15. The Disclosure Statement provides no projections other than a one-column proposed monthly budget for the operation of the hotel.

16. The Disclosure Statement should not be approved because of the dead-on-arrival plan to which it relates. The Plan is not feasible, and the Debtor is likely to require further reorganization in a very short period of time if the plan related to the Disclosure Statement is confirmed.

17. The Disclosure Statement otherwise fails to comply with 11 U.S.C. § 1125.

18. Dhillon reserves the right to amend this objection prior to the hearing on the Disclosure Statement.

19. Dhillon joins any other objections filed to the Disclosure Statement to the extent not inconsistent herewith.

WHEREFORE, Jagmohan Dhillon respectfully requests that the Court deny the Debtor's Disclosure Statement. Dhillon requests such other and further relief to which he may be entitled at law or in equity.

---

[1] The lack of any expense for pest control during 2011 is noted and is indicative of potential management difficulties. One is left to wonder about the true occupants of the hotel.

Dated: February 14, 2012　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

　　　　　　　　　　　　　　　　　By:  /s/ Jeff Carruth
　　　　　　　　　　　　　　　　　　　JEFF CARRUTH
　　　　　　　　　　　　　　　　　　　State Bar No. 24001846
　　　　　　　　　　　　　　　　　　　3030 Matlock Rd., Suite 201
　　　　　　　　　　　　　　　　　　　Arlington, Texas 76015
　　　　　　　　　　　　　　　　　　　Phone: (817) 795-5046
　　　　　　　　　　　　　　　　　　　Facsimile: (866) 666-5322
　　　　　　　　　　　　　　　　　　　jcarruth@wkpz.com

　　　　　　　　　　　　　　　　　　ATTORNEYS FOR BAWA DHILLON

## CERTIFICATE OF SERVICE

　　　This is to certify that a true and correct copy of the foregoing was served upon all registered ECF users in this case on February 14, 2012, and all persons on creditors matrix on file for this case as of February 14, 2012.

　　　　　　　　　　　　　　　　　　　  /s/ Jeff Carruth
　　　　　　　　　　　　　　　　　　One of Counsel