**John J. Gitlin, Esq.**
**State Bar No. 07986600**
**Spring Valley Office Commons**
**5339 Spring Valley Road**
**Dallas, Texas 75254**
**Telephone: (972) 385-8450**
**Telecopier: (972) 385-8460**
**COUNSEL FOR DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| D & D HOSPITALITY LLC | § | CASE NO: 11-43153-BTR-11 |
| | § | |
| Debtor in Possession | § | CHAPTER 11 |

## DEBTOR'S RESPONSE AND REQUEST TO STRIKE THE OBJECTION FILED HEREIN TO DEBTOR'S DISCLOSURE STATEMENT BY BAWA DHILLON FOR LACK OF STANDING

**TO THE HONORABLE BRENDA T. RHODES, BANKRUPTCY JUDGE:**

COMES NOW, D & D HOSPITALITY LLC., debtor in possession in the above captioned case ("Debtor" or the "Company") and files this its Response to the Objection to Debtor's Disclosure Statement and Request to Strike the Objection for Lack of Standing ("Objection") filed herein by Bawa Dhillon ("Dhillon") and in support thereof would respectfully show the Court as follows:

**Preliminary Statement**

1.  Debtor is the owner of Comfort Suites Hotel located in Gainesville, Texas ("Hotel"). Dhillon is the holder of a fifteen per cent membership equity interest in the Company.

2.  On January 9, 2012 Debtor filed its plan of reorganization ("Plan"). Under the Plan, the Class 7 claimants consisting of all existing equity interest holders, including Dhillon shall have their equity interests cancelled to be replaced by new equity interest holders.

3.  As set forth more fully below, Dhillon's objections to Debtor's disclosure statement should be struck for the reason that, under the Bankruptcy Code and Rules Dhillon has no standing to object.

   a.  **Dhillon has no standing to object to Debtor's Disclosure Statement for the reason that as a matter of law he cannot vote on Debtor's Plan of Reorganization and therefore Dhillon is not an entity contemplated by 11 U.S.C. § 1125 as entitled to**

**complain regarding the information provided by Debtor in the Disclosure Statement.**

The fundamental predicate of a disclosure statement is to ensure that the plan proponent provides adequate information to permit a creditor or other party in interest to make an informed judgment in voting to accept or reject the reorganization plan.

Section 1125 provides in pertinent part that:

**"An acceptance or rejection of a plan may not be solicited…from a holder of a claim or interest with respect to such claim or interest** unless at the time of or before such solicitation there is transmitted to such holder the plan or a summary of the plan and a written disclosure statement approved after notice and hearing by the court…."

Unquestionably, therefore, the only claimant who has standing to complain regarding the adequacy of information provided in a disclosure statement are those claimants who are entitled to vote on a debtor's plan and, as discussed more fully below, and only as to those matters which affect the ability of that creditor to exercise meaningfully its right to vote on the plan.[1]

Dhillon fits neither of these categories for the simple reason that as a matter of law, he is not entitled to vote on Debtor's Plan. 11 U.S.C. § 1126(g).

Section 1126(g) provides that a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class under the plan do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests.

This is of course precisely the situation which is currently before this Court. Under Debtor's Plan, all of the Class 7 members-that being the equity holders in Debtor- are to have all of their equity interests cancelled upon confirmation of the plan. As one of the two existing equity holders in Debtor, therefore, Dhillon is deemed under Section 1126 to have rejected Debtor's Plan and is therefore not entitled to vote on the Plan:

"Subsection (g) provides that any class denied participation under the plan is conclusively deemed to have rejected the plan. There is obviously no need to submit a plan for a vote by a class that is to receive nothing" Senate Report No. 95-989, 95th Cong., 2d Sess. (1978) 122, cited with approval in *In re Spirited, Inc.*, 23 B.R. 1004, 1007-08 (Bankr. E.D. Pa. 1982).

As noted by the court in *In re Zenith Electronics Corporation*, 241 B.R. 92, 98-99 (Bankr. Del. 1999):

---

[1] *In re Monroe Well Service, Inc.,* 80 B.R. 324, 331 Bankr. 1987).

"Typically under chapter 11 of the Bankruptcy Code, the court approves the debtor's disclosure statement before it and the plan of reorganization are sent to creditors and others **entitled to vote on the plan**….

Since the Disclosure Statement need only contain adequate information for those entitled to vote, some courts have concluded that non-voting classes have no standing to be heard on the issue." (Citations omitted).

Equally as critical and fatal to Dhillon's anticipated standing claim, is the governing principal that a class participant has standing to object to the Disclosure Statement **only** as to their Class and may not object to the adequacy of the Disclosure Statement as it may affect another class of creditors who have received a notice and who have filed no objection or made any appearance.[2] In addressing the standing issue to a claimant objecting to a disclosure statement, the court in *In re Snyder*[3] reaffirming the above proscriptions stated that:

"Traditional principals of standing also support the view that a class can complain about a disclosure statement only as it affects that class" analyzing the basis for this principal as follows:

"There is a compelling logic behind this view of standing to object to the disclosure statement. The bankruptcy process, by its very nature, requires all interested parties to practice self-preservation. If a creditor does not press his claim, then all other creditors and the estate benefit from the larger pool of assets available to meet other claims. The onus is therefore on the creditors to assure that the disclosure statement is satisfactory to them, as they will be the only ones hurt by a statement's inadequacy to them. Other classes of creditors should therefore have no concern over the adequacy of a statement that does not apply to them."

In the present case, Dhillon's Objection consists of a total of 19 separate objections which, as the above mandates, cannot be raised by him for the simple reason that as a cancelled equity holder, Dhillon shall receive no distribution nor any property rights under Debtor's Plan. Each and every objection asserted by Dhillon impermissibly asserts the need for further information, financial and otherwise, whose beneficiaries of such information are exclusively those classes of creditors who are to receive distribution and property rights under the Plan. None of the information sought by Dhillon in fact has any cognizable impact on his class and therefore Dhillon clearly has no standing to raise the objections. In light of the fact that no other creditor or other party in interest has raised any objections to Debtor's Disclosure Statement, Dhillon's objections are simply without merit and should be struck.

---

[2] *In re Adana Mortgage Brokers, Inc.*, 14 B.R. 29, 30 (Bankr. 1981) citing House Report No. 95-595, 95th Cong., (1977) p. 227, US Code Cong & Admin. News 1978, 5787. *See, also, In re Orlando Investors, L.P.*, 103 B.R. 593, 596-97 (Bankr. E.D. Pa 1989).
[3] 56 B.R. 1007, 1010-1011 (D.C.N.D. Indiana 1986).

RESPONSE TO OBJECTIONS     3

D & D Hospitality LLC

In sum, Dhillon clearly has no standing to object to Debtor's Disclosure Statement, first because, as a nonvoting class member who obviously will not be solicited, Section 1125, Bankruptcy Code, does not apply to him and second, because his objections being totally unrelated to his class, are by definition prohibited.

WHEREFORE PREMISES CONSIDERED, Debtor prays that that this Court strike the Objection of Bawa Dhillon for lack of standing, that it approve Debtor's Disclosure Statement and that it grant Debtor such other and further relief to which Debtor shows itself to be justly entitled.

Respectfully submitted,

/s/ John J. Gitlin_____
John J. Gitlin
State Bar No. 07986600
5339 Spring Valley Road
Dallas, Texas 75254
Telephone: (972) 385-8450
Telecopier: (972) 385-8460
COUNSEL FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 19, 2012, a true and correct copy of the above and foregoing instrument was served on Jeff Carruth, counsel for Bawa Dhillon and on all parties entitled to receive electronic notice.

/s/ John J. Gitlin_____
John J. Gitlin