**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| D & D HOSPITALITY, LLC, | § | Case No. 11-43153 |
| | § | Chapter 11 |
| *Debtor*. | § | |

**NORTH TEXAS HOTEL GROUP, LTD.'S OBJECTION TO THE FEBRUARY 27, 2012
SETTING FOR THE HEARING ON THE DISCLOSURE STATEMENT IN SUPPORT
OF COMPETING PLAN OF BAWA DHILLON, DATED: FEBRUARY 22, 2012
AND PRELIMINARY DISCLOSURE STATEMENT OBJECTIONS**

COMES NOW North Texas Hotel Group, Ltd. ("NTHG"), a secured creditor herein, and files this Objection to the February 27, 2012 Setting for the Hearing on the Disclosure Statement in Support of Competing Plan of Bawa Dhillon, Dated: February 22, 2012, and in support thereof, states as follows:

**I. BACKGROUND**

1. The Disclosure Statement in Support of Competing Plan of Bawa Dhillon, Dated February 22, 2012 (Docket No. 109, the "Dhillon Disclosure Statement") was filed on February 22, 2012.

2. On February 23, 2012, without the filing and granting of a motion for emergency hearing pursuant to Local Rule 9007(b), or notice or conference with the Debtor, creditors, or other parties in interest, the Dhillon Disclosure Statement was set for hearing on February 27, 2012 at 1:30 p.m.

## II. OBJECTION TO SETTING

3. Pursuant to Rule 3017(a) of the Federal Rules of Bankruptcy Procedure, "[e]xcept as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto." Rule 3017.1 is not applicable in this case.

4. Here, the Debtor, creditors, equity security holders (other than Bawa Dhillon) and other parties in interest will have only three (3) days to review the Dhillon Disclosure Statement and prepare for the hearing. Moreover, given the short time frame and the intervening weekend, as well as the failure of Dhillon to file a notice of hearing on Thursday when the expedited hearing was set, several creditors and parties in interest may not even receive notice of the scheduled hearing prior to its occurrence.

5. While the Court has discretion under Rule 9006(c) to reduce the notice period for cause shown, with or without a motion, NTHG submits that cause to reduce the notice period to three (3) days has not been shown in this case.

6. Finally, while Dhillon may attempt to argue that only minor changes were made to the Disclosure Statement recently filed by the Debtor, additional concerns regarding full disclosure and financial ability are present when considering the Dhillon Disclosure Statement and Plan. NTHG reserves the right to raise these issues, as well as other deficiencies in the Dhillon Disclosure Statement, in the event the Court considers approval of the Dhillon Disclosure Statement on February 27, 2012.

### III. PRELIMINARY OBJECTIONS TO DHILLON DISCLOSURE STATEMENT

7. Without waiving or otherwise prejudicing the foregoing Objection to Setting, NTHG has at least the following preliminary objections to the Dhillon Disclosure Statement.

8. NTHG has serious concerns with the bona fides of the Dhillon proposal and with the readiness, willingness, ability, sincerity, or good faith intent of any of the Dhillon parties to perform any proposal that requires the infusion of material cash on their part. No Dhillon Disclosure Statement should be approved and no solicitation thereon should be commenced until after these concerns have been allayed by:

   (a) approval of the Debtor's recently filed Bankruptcy Rule 3020 motion to require deposit in a form that ensures that all funds to be bid by any parties at all times and all stages is already on hand and dedicated only to performing any such plan as may be approved; and,

   (b) proof that the funds by the Dhillon parties are in fact in such a dedicated escrow.

Absent the foregoing, the Dhillon Disclosure Statement should not be approved and its solicitation should not commence.

9. The whereabouts of Bawa Dhillon, the reasons for his many absences, and how and where he may be contacted should be fully disclosed. If, indeed, Bawa Dhillon is presently eluding authorities in the United States and abroad, this fact should be available to voters to consider in determining compliance with various sections of § 1129(a).

10. The supposed authority of Jag Dhillon to act for Bawa Dhillon needs to be verified. Similar to a Rule 12 Motion to Show Authority applicable in Texas State Courts under

Rule 12, T.R.C.P., both Jag Dhillon and any attorney purporting to act for Bawa Dhillon should come forward with proof of their authority to so act.

11. Having already challenged the feasibility of the Debtor's Plan and the financial projections accompanying the Debtor's Disclosure Statement, notwithstanding the much larger proposed cash contribution in the Debtor's Plan than the meager $75,000 proposed in the Dhillon Disclosure Statement, the Dhillon Disclosure Statement has a long way to go to even begin to explain its feasibility. A thorough explanation is required.

12. Having already made an attack on NTHG as proposed new management under the Debtor's Plan, the proponents of the Dhillon Plan need to explain and provide thorough support for their statements to the effect that they might provide reliable and effective management under the Dhillon Plan, in light of the numerous failures, bankruptcies, and foreclosures recently associated with various Dhillon related hotel and motel properties. Among other things, a thorough listing of all Dhillon properties that have been or are in financial distress should be provided.

**WHEREFORE,** North Texas Hotel Group, Ltd. respectfully requests that this Court reset the hearing to consider approval of the Dhillon Disclosure Statement to provide the Debtor, creditors, equity security holders and other parties in interest with at least 28 days' notice and a meaningful opportunity to object, deny or at least defer approval of such disclosure statement, and grant North Texas Hotel Group, Ltd. such other relief to which it is entitled.

Dated:  February 24, 2012.

Respectfully submitted:

 */s/    J. Michael Sutherland*
J. Michael Sutherland
  TSB No. 19524200
Lisa M. Lucas
  TSB No. 24067734
**CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.**
900 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000
(214) 855-1333 – Fax
msutherland@ccsb.com
llucas@ccsb.com

*ATTORNEYS FOR NORTH TEXAS HOTEL GROUP, LTD.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing has been served via ECF-electronic mail and/or U.S. Mail on all parties listed on the attached Service List, on this 24th day of February 2012.

 */s/  Lisa M. Lucas*
Lisa M. Lucas

**NORTH TEXAS HOTEL GROUP, LTD.'S OBJECTION TO THE FEBRUARY 27, 2012
SETTING FOR THE HEARING ON THE DISCLOSURE STATEMENT IN SUPPORT
OF COMPETING PLAN OF BAWA DHILLON, DATED: FEBRUARY 22, 2012
AND PRELIMINARY DISCLOSURE STATEMENT OBJECTIONS**     Page 5 of 5
i_4365086v.2