**John J. Gitlin, Esq.**
**State Bar No. 07986600**
**Spring Valley Office Commons**
**5339 Spring Valley Road, Suite 150**
**Dallas, Texas 75254**
**Telephone: (972) 385-8450**
**Telecopier: (972) 385-8460**
**Counsel for Debtor**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| D & D HOSPITALITY LLC | § | CASE NO: 11-43153-BTR-11 |
| | § | |
| Debtor in Possession | § | CHAPTER 11 |

### OBJECTION OF D & D HOSPITALITY LLC TO
### BAWA DHILLON'S DISCLOSURE STATEMENT

**TO THE HONORABLE BRENDA T. RHODES, BANKRUPTCY JUDGE:**

D & D Hospitality LLC ("D&D" or "Debtor") hereby files its Objection ("Objection") to Bawa Dhillon's Disclosure Statement dated February 22, 2012 ("Disclosure Statement") and would respectfully show the Court as follows:

1.    Debtor objects to the scheduling of the hearing on the Disclosure Statement within five days of its filing. Subject to the foregoing objection, Debtor objects to the Disclosure Statement as follows:

2.    Debtor is the owner of a hotel located in Gainesville, Texas ("Hotel") which operates under the Comfort Suites name pursuant to a franchise agreement with Choice Hotels International, Inc. ("Agreement"). Under ¶ 9 b. of the Agreement, Debtor is prohibited from permitting the transfer of more than 50% of the membership interest in the Debtor without the consent of Choice Hotels International, Inc. ("Choice") and the payment of certain fees, including the payment of a relicensing and Affiliation fees. Dhillon's plan of reorganization contemplates that the existing equity interest in the Debtor shall be cancelled and Dhillon, who

OBJECTION TO BAWA DHILLON'S                    1
DISCLOSURE STATEMENT

held pre petition only 15% of the membership interest in Debtor, is to acquire one hundred per cent of the membership interest, clearly triggering the provisions of ¶ 9 of the Agreement. If there is a transfer without the written consent by Choice, Choice may terminate the Agreement. Furthermore, it is common practice when there is a transfer, that the franchisor provides the transferee with a new property improvement plan requiring the transferee to upgrade the Hotel. In his Disclosure Statement, Bawa Dhillon ("Dhillon") totally fails to make any reference to assumption of the Agreement or to disclose the factual basis as to why Dhillon believes that the Agreement is assumable and that consent shall be given by Choice for such assumption or assuming assumption, the actual cost to the Debtor to assume the Agreement. In Exhibit 4 to the Disclosure Statement Dhillon asserts that the total cost relating to the assumption is $32,000.00 which in fact was lifted verbatim from Debtor's disclosure statement exhibits and unquestionably does not reflect the true and actual cost of assumption if in fact Dhillon's plan is confirmed and Choice permits assumption to the transferee. In sum, the Disclosure Statement is totally silent and fails to provide any information revolving around a critical component of Dhillon's plan of reorganization. At a minimum therefore, Dhillon should be required to:

a. Provide an informed estimation of the actual cost to Debtor and the factual basis supporting the estimated cost to assume the Agreement;

b. Provide an informed estimation of the actual cost to Debtor of any property improvement plan which may be required by the franchisor;

c. Provide a realistic discussion of the alternatives to Debtor in the event that Choice does not permit the assumption of the Agreement;

d. Discuss the economic impact on the Debtor if the Agreement cannot be assumed and the Debtor is required to operate the Hotel without a brand name;

e. Disclose what if any actions have been taken or Dhillon intends to take to secure an alternate franchise for the Hotel, the anticipated actual cost to obtain an alternate franchise in fees and other expenses and an considered estimation of the scope and expense of any property improvement plan which might be required of an alternate franchisor;

f. Disclose the experience of Mr. Dhillon as an active participant in operating hotels so as to qualify him for a franchise and/or overseeing the operations of the Hotel;

g. Discuss and disclose the experience of DMC Hotels in managing hotels;

   h. Include in the Disclosure Statement in a separate paragraph a meaningful discussion of the risks to creditors if Debtor is unable to assume the Agreement.

  3. Debtor objects to Exhibit 4 for the reason that Exhibit 4 fails to accurately reflect the actual cost of Debtor assuming the Agreement if the plan proponent's plan is confirmed. According to Dhillon's Disclosure Statement, there will be an equity infusion of $75,000.00 to help fund the plan. Without the necessary adjustments required for an assumption of the Agreement to reflect the actual cost of such assumption, Debtor is still projecting that the total amount due on or before the effective date of the plan would be the sum of $82,000.00 which seriously calls into question as to whether the plan proponent has realistically estimated the total amount of equity infusion necessary to fund the plan on or before the effective date. If the plan proponent intends to use other sources of income to initially fund its plan, he should provide a brief analysis as to where the funds will come from. If Dhillon intends to draw from further equity infusion, he needs to provide an accurate accounting as to the amount which will be contributed at the inception of the plan.

  4. Debtor objects to the Disclosure Statement in that it asserts that "Debtor's financial difficulties result from poor management and <u>the Hotel's inability to match the performance of its peers in the relevant market</u>" without identifying the factual basis for such assertion and further failing to discuss how Dhillon would improve the Hotel's performance as asserted in ¶ 3.03 of the Disclosure Statement.

  5. In his Disclosure Statement, Dhillon acknowledges that the maximum valuation of the Hotel is between $2,600,000.00 and $2,800,000.00 and further acknowledges that the first lien holder, US Bank, has a secured claim of $2,576,496 which would at the higher valuation provide a maximum of $223,504.00 in equity over and above the US Bank claim and available to the second lien holder, CDC/SBA to partially secure its claim. In light of the foregoing, Dhillon has failed to explain the factual basis for his claim that the CDC/SBA claim is secured in the amount of $500,000.00.

  WHEREFORE, PREMISES CONSIDERED, Debtor prays that upon hearing this Court sustain its objections, that it deny approval of Bawa Dhillon's Disclosure Statement and that it grant Debtor such other and further relief to which it shows itself to be justly entitled.

Respectfully submitted,

  /s/ John J. Gitlin
John J. Gitlin, Esq.
State Bar No. 07986600
Spring Valley Office Commons
5339 Spring Valley Road
Dallas, Texas 75254
Telephone: (972) 385-8450
Telecopier: (972) 385-8460

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Objection was served on counsel for Bawa Dhillon, the United States Trustee and all parties in interest who are entitled to receive electronic notice by filing it with the ECF electronic filing system on February 26, 2012.

      /s/ John Gitlin
John J. Gitlin, Esq.