
05/15/2012

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| D & D HOSPITALITY LLC | § | CASE NO: 11-43153-BTR-11 |
| | § | |
| Debtor in Possession | § | CHAPTER 11 |

### ORDER CONFIRMING DEBTOR'S
### AMENDED PLAN OF REORGANIZATION

CAME ON FOR CONSIDERATION BY THE COURT D & D Hospitality LLC's Amended Plan of Reorganization dated March 22, 2012 ("Plan") and the Court having considered the evidence presented and the arguments of counsel and for the reasons set forth herein confirms the Plan; it is accordingly,

**ORDERED, ADJUDGED AND DECREED** that the Plan complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

a. Section 1129(a) (1). The Plan complies with the applicable provisions of Title 11.

b. Section 1129(a) (2). The proponent of the Plan has complied with the applicable provisions of Title 11.

c. Section 1129(a) (3). The Plan has been proposed in good faith and not by any means forbidden by law.

d. Section 1129(a) (4). Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. Section 1129(a) (5). The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtor, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f. Section 1129(a) (6). This provision is not applicable.

CONFIRMATION ORDER

  g. <u>Section 1129(a) (7)</u>. With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

  h. <u>Section 1129(a) (8)</u>. The Class 5 creditors which are impaired have voted against the Plan.

  i. <u>Section 1129(a) (9)</u>. The Plan provisions include the following:
   i. Holders of Allowed Administrative Claims will be paid in full.
   ii. Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

  j. <u>Section 1129(a) (10)</u>. At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

  k. <u>Section 1129(a) (11)</u>. The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor. The Debtor has shown it has sufficient cash flow to make the payments called for by the Plan.

  l. <u>Section 1129(a) (12)</u>. All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

  m. <u>Section 1129(a) (13)</u>. This subsection does not apply to the Debtor.
  n. <u>Section 1129(a) (14)</u>. This subsection does not apply to the Debtor.
  o. <u>Section 1129(a) (15)</u>. This subsection does not apply to the Debtor.
  p. <u>Section 1129(a) (16)</u>. This subsection does not apply to the Debtor.

  q. The Plan shall be modified to increase the Allowed Amount of the Claim of First-Citizens Bank & Trust Company from $255,976.52 to $274,609.16.

  r. The provisions regarding the Class 4(C) Claim shall be modified by adding the following language as a new second paragraph: "In the event of any default of any amounts due and owing FCB under this Plan, First-Citizens Bank & Trust Company ("FCB") shall provide a written notice of default by certified mail to the Debtor c/o John J. Gitlin, Spring Valley Office Commons, 5339 Spring Valley Road, Dallas, Texas 75254. If said default is not cured within fifteen (15) days of the mailing of said notice, FCB shall be free to pursue and file suit against the Debtor and/or any Guarantor for amounts owed under the Plan without further recourse to this Court."

  s. Paragraphs 9.01 and 9.04 shall be modified to add the following language at the end of each of the paragraphs: "Notwithstanding the foregoing, nothing herein shall be construed to impact, nullify, reduce or disallow any First-Citizens Bank and Trust Company ("FCB") claim against any guarantor, including but not limited to Gagandeep Dhaliwal, of any FCB claim against the Debtor. In particular, nothing herein shall preclude FCB from continuing to pursue and obtain a judgment against Gagandeep Dhaliwal for the full amount of FCB's proof of claim ($274,609.16) plus any applicable legal fees, interest, and court costs in case number CV-2011-901518.00 which is presently pending in Circuit Court of Madison County, Alabama."

CONFIRMATION ORDER

Document    Page 3 of 3

**ORDERED, ADJUDGED AND DECREED** that the Plan is hereby confirmed as modified herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is closed and shall further pay any Quarterly Fees which are due and owing at the time of this Order within five business days of the entry of this Order; it is further

**ORDERED, ADJUDGED AND DECREED** that because no objections to confirmation of Debtor's Plan were timely filed or otherwise raised, the Reorganized Debtor may, at its sole option, accelerate the date of the "Effective Date" defined in Debtor's Plan to occur on the first business day following the fourteenth (14th) day after entry of this Confirmation Order unless a notice of appeal of the Confirmation is timely filed prior to such date.

Signed on 5/15/2012

*Brenda T. Rhoades*    SR
_____
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

CONFIRMATION ORDER